IN RE: MICHAEL JOE ADCOCK AND DANNY WILSON ADCOCK, MINOR CHILDREN, H. GENE HERRELL, DIRECTOR OF THE UNION COUNTY DEPARTMENT OF SOCIAL SERVICES v. JOSEPH JOE ADCOCK, PHYLLIS KAY HELMS ADCOCK A/K/A PHYLLIS KAY HELMS ADCOCK PRESLEY AND LANNY WILSON PRESLEY A/K/A LANNY WILSON PRESSLEY

No. 8320DC985

(Filed 19 June 1984)

1. **Parent and Child § 1.6— termination of parental rights—sufficiency of evidence that mother did not intervene when son abused**

    A trial court properly found that respondent mother was present on one or more occasions when her son was beaten with a belt by the man with whom she lived but did not intervene for her son's protection and did not report the same to appropriate authorities where there was clear and convincing evidence that the man with whom respondent mother lived abused her son Michael over a period of many months and that the respondent mother did not prevent this abuse.

2. **Parent and Child § 2.3— termination of parental rights—relevancy of findings to issue of neglect**

    The trial court's findings dealing with respondents' failure to provide a stable living environment and proper food and clothing were clearly evidence of neglect, were relevant, and were supported by competent evidence.

**3. Parent and Child § 2.3— termination of parental rights—finding that children neglected—supported by evidence**

A trial judge properly found and concluded that the two children involved in this appeal were neglected within the meaning of G.S. 7A-517(21) where the record is replete with evidence that the home environment was unstable and that respondents were indifferent to the children's physical welfare. Respondents moved approximately eight times within an eighteen-month period; the children were often found inappropriately dressed in their unheated trailer, and both children frequently had colds and other minor ailments; the homes were in disarray, and there was seldom food or heat in the trailer; respondents attended only 3 of 8 parenting skill classes; a psychological evaluation of one child indicated that the child was "anxious . . . with feelings of insecurity and . . . needs of dependency that have not been met"; and respondents left the children with a friend on various occasions for as long as two weeks without arrangements for food and clothing and without leaving any indication as to when they would return.

APPEAL by respondents Phyllis Kay Helms Adcock and Lanny Wilson Presley from *Honeycutt, Judge.* Order entered 21 April 1983 in District Court, UNION County. Heard in the Court of Appeals 6 June 1984.

This is a proceeding wherein petitioner, H. Gene Herrell, Director of the Union County Department of Social Services, seeks to terminate the parental rights of Phyllis Kay Helms Adcock, mother of the two minor children, Joseph Joe Adcock, father of Michael Joe Adcock, and Lanny Wilson Presley, father of Danny Wilson Adcock.

The Department of Social Services (hereinafter DSS) obtained custody of the minor children on 21 May 1982 and on 8 September 1982, DSS petitioned the court to terminate the parental rights of respondents.

Following a hearing the court made detailed findings of fact and reached the following conclusions of law:

1. That the respondents have neglected the children, Michael Joe Adcock and Danny Wilson Adcock, as defined by G.S. 7A-289.32(2).

2. That the respondent, Lanny Wilson Presley, has abused Michael Joe Adcock as defined by G.S. 7A-289.32(2).

3. That the respondent, Joseph Joe Adcock, has left the custody of Michael Joe Adcock with his mother, Kay Helms

Adcock, for a period of in excess of one year prior to the filing of this petition and has willfully failed without justification to pay for the care, support, and education of said child as defined by G.S. 7A-289.32(6).

From an order terminating their parental rights, respondents Phyllis Kay Helms Adcock and Lanny Wilson Presley appealed.

*Griffin, Caldwell, Helder & Steelman, P.A., by Jake C. Helder, for petitioner, appellee, Union County Department of Social Services.*

*Smith & Cox, by Ronald H. Cox, Guardian Ad Litem for Michael Joe Adcock and Danny Wilson Adcock, appellees.*

*Perry & Bundy, by H. Ligon Bundy, for respondents, appellants.*

HEDRICK, Judge.

[1] In their first argument respondents contend that the trial court's findings of fact are not supported by the evidence. They argue that the finding that "Kay Helms Adcock was present on one or more occasions when Michael Joe Adcock was beaten with a belt by Lanny Wilson Presley, but did not intervene for her son's protection and did not report same to appropriate authorities," is not supported by sufficient evidence. While Michael Joe Adcock did testify that "[w]hen [Lanny Presley] hurt me, Mama tried to stop him but she wasn't able to," there was ample evidence that Michael was beaten more than one time over a period of several months, and that respondent mother continued to reside with Lanny Presley. One witness testified that she asked Kay Adcock about the beatings allegedly inflicted on Michael by Mr. Presley, and that Ms. Adcock responded that "she closed her ears when Lanny was whipping Michael." The evidence, while conflicting, is sufficient to support the finding that respondent mother did not intervene in the abusive conduct of Lanny Presley directed toward the child. There is clear and convincing evidence that Lanny Presley abused Michael over a period of many months and that the respondent mother did not prevent this abuse. It is settled law that nonfeasance as well as malfeasance by a parent can constitute neglect. *In re Thompson*, 64 N.C. App. 95, 306 S.E. 2d 792 (1983). This assignment of error is without merit.

[2] Respondents next challenge the following findings of fact made by the trial court:

9. That Lanny Wilson Presley and Kay Helms Adcock have lived in various trailers from the birth of Danny Wilson Adcock through the time of the original custody order. In each trailer except one, they were living with friends or relatives and had no visible means of support. There was no heat in at least one trailer, and there was a broken window in the room used by Michael Joe Adcock which was never repaired while they lived there. Michael Joe Adcock was made to stay in the room for indefinite periods of time as punishment. Danny Wilson Adcock was often improperly clothed in the trailer with no heat, wearing only a wet diaper and with no other immediate supervision than from his brother, Michael Joe Adcock.

Respondents contend that some of the above findings of fact are irrelevant to the issue of neglect and that other findings, while relevant, are not supported by competent evidence. The findings contained in paragraph nine concern the conditions in which these children lived and are thus relevant to the issue of neglect. Although "[n]eglect may be manifested in ways less tangible," respondents' failure to provide a stable living environment and proper food and clothing are clearly evidence of neglect that cannot be ignored. *In re Apa*, 59 N.C. App. 322, 324, 296 S.E. 2d 811, 813 (1982). We have considered the evidence set out in the record and find it sufficient to support all the findings challenged by this assignment of error.

[3] Respondents next contend that the trial judge erred in concluding that the two children, Michael and Danny, were neglected within the meaning of N.C. Gen. Stat. Sec. 7A-517(21), which defines a "neglected juvenile" as:

A juvenile who does not receive proper care, supervision, or discipline from his parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to his welfare, or who has been placed for care or adoption in violation of law.

The record contains ample findings supported by clear, cogent, and convincing evidence that respondents failed to provide "proper care" and "supervision" to the children and which reveal that Michael and Danny lived "in an environment injurious to [their] welfare." The record is replete with evidence that the home environment was unstable and that respondents have been indifferent to the children's physical welfare. The evidence discloses that respondents moved approximately eight times within an eighteen-month period. The children were often found inappropriately dressed in their unheated trailer, and both children frequently had colds and other minor ailments. One witness found the home in disarray, with "clothes, shoes, food, plates and glasses on the floor." Several times the witness found Danny dressed only in a wet diaper. She stated that "[t]here was seldom food or heat in the trailer."

There was also testimony by a psychologist that respondents attended only three of the eight parenting skills classes. At the classes they did attend, the psychologist noted that respondent mother was passive and that Mr. Presley was bitter toward Michael. This witness also testified that she had conducted a psychological evaluation of Michael; the results of this testing indicated that the child was "anxious . . . with feelings of insecurity and . . . needs of dependency that have not been met."

The evidence also indicated, and the court found as a fact, that respondents left the children with a friend on various occasions for as long as two weeks. On these occasions respondents made no arrangements for food and clothing for the children, and gave no indication as to when they would return.

We conclude that there was clear, cogent, convincing, and competent evidence to support the trial court's conclusion that the children were neglected as defined by N.C. Gen. Stat. Sec. 7A-517(21).

Finally, respondents contend that the court erred in denying their motion, made pursuant to North Carolina Rules of Civil Procedure, Rule 41(b), for involuntary dismissal and in terminating respondents' parental rights. Respondents contend that there was insufficient evidence to support the findings of fact and conclusions of law. We disagree.

A finding of any one of the six statutory grounds enumerated in N.C. Gen. Stat. Sec. 7A-289.32 is sufficient to support an order terminating parental rights. In the instant case, the court based its order on G.S. 7A-289.32(2), which provides as one ground for termination a finding that:

> 2. The parent has abused or neglected the child. The child shall be deemed to be . . . neglected if the court finds the child to be . . . a neglected child within the meaning of G.S. 7A-517(21).

We need not repeat the evidence adduced at trial showing that Michael and Danny did not receive proper care and supervision and that the homes in which they lived were injurious to their welfare.

Although severing parental ties is a harsh judicial remedy, the best interests of the children must be considered paramount. The totality of the evidence presented was plenary, clear, cogent, and convincing that respondents had neglected the minor children. The evidence, findings of fact, and conclusions of law support the order terminating respondents' parental rights.

For these reasons, we affirm.

Affirmed.

Chief Judge VAUGHN and Judge WELLS concur.