IN RE THE ESTATE OF CANDICE LEIGH LUNSFORD, Deceased

No. COA00-674

(Filed 5 June 2001)

**1. Intestate Succession— death of child—willful abandonment by father prior to death**

The trial court did not err by finding that respondent father could not inherit money from his intestate eighteen-year-old daughter's estate because the evidence reveals that respondent willfully abandoned his daughter prior to her death. N.C.G.S. § 31A-2.

IN RE ESTATE OF LUNSFORD

[143 N.C. App. 646 (2001)]

**2. Parent and Child— death of child—willful abandonment by father prior to death—inheritance disallowed for child of any age**

Although respondent father contends that N.C.G.S. § 31A-2 which provides protection from an abandoning parent inheriting from a child is inapplicable to this case since respondent's deceased daughter was eighteen years old when she died, N.C.G.S. § 31A-2 applies to the estate of any son or daughter of an individual, even after the child has reached the age of majority.

**3. Parent and Child— death of child—willful abandonment by father prior to death—not deprived of custody**

Respondent father is barred from inheriting from his daughter's estate based on his willful abandonment of her prior to her death and N.C.G.S. § 31A-2(2) does not apply to allow respondent to inherit from the child despite his abandonment, because: (1) respondent was not deprived of the custody of his child under the order of a court of competent jurisdiction and he was not prevented from helping to contribute to her care and maintenance; and (2) there was no language in the divorce judgment that prevented respondent from seeking visitation or even custody of his daughter.

**4. Estates— administration—death of child—mother was proper administratrix**

The trial court's findings of fact naming petitioner mother as the administratrix of her daughter's estate are affirmed.

Chief Judge EAGLES dissenting.

Appeal by respondent from order entered 3 March 2000 by Judge L. Todd Burke in Surry County Superior Court. Heard in the Court of Appeals 20 April 2001.

*Law Offices of Jonathan S. Dills, P.A., by Jonathan S. Dills and Daniel B. Anthony, for respondent appellant.*

*Royster and Royster, by Michael D. Beal and Stephen G. Royster, for petitioner appellee.*

McCULLOUGH, Judge.

The subject of this appeal is the distribution of the estate of Candice Leigh Lunsford, who died at the age of eighteen in an auto-

mobile accident on 30 June 1999. Decedent's parents, petitioner Dawn Bean and respondent Randy Lunsford, were married in November 1980. Their only child, Candice Leigh Lunsford ("Candi"), was born on 21 June 1981. Respondent suffered from alcoholism, and the marriage deteriorated after a short time. Petitioner and respondent separated in 1982, and a decree of absolute divorce was entered on 30 January 1985. Petitioner was granted sole custody, care, and control of the couple's daughter, Candi. The divorce judgment did not bar respondent from participating in Candi's care and maintenance, nor did it operate to terminate his parental rights.

During Candi's lifetime, respondent paid no more than $100.00 toward her support. Respondent maintains that he offered to pay more, but that petitioner repeatedly refused his offers of financial support. Respondent visited Candi less than a dozen times from the time the couple separated until Candi's death in 1999.

On 9 July 1999, petitioner applied for Letters of Administration so that she could serve as administratrix of her daughter's estate. Candi's estate consisted of some personal effects; there was also a potential claim for wrongful death arising under N.C. Gen. Stat. § 28A-18.2 (1999), the proceeds of which were also part of the estate. Petitioner was appointed administratrix, and respondent appealed to the clerk of superior court. The clerk heard the matter on 16 November 1999 and determined that respondent willfully abandoned Candi Lunsford and was therefore barred from inheriting from her estate.

Respondent then filed a complaint requesting that petitioner be relieved of her duties as administratrix because she allegedly abused her position and violated her fiduciary duty by failing to notify him that she was applying for Letters of Administration. Respondent also asked the trial court to grant injunctive relief by delaying the disbursement of the estate proceeds until his appeals were exhausted. The clerk of superior court denied respondent's motion and dismissed his complaint on 20 December 1999, whereupon respondent appealed to the Surry County Superior Court for a trial *de novo*. The trial court entered judgment in favor of petitioner on 3 March 2000.

Respondent appealed, arguing that the trial court erred by (I) finding that he willfully abandoned his daughter; (II) determining that exception (2) to N.C. Gen. Stat. § 31A-2 does not apply to this case; and (III) finding that petitioner was the only proper person to serve

IN RE ESTATE OF LUNSFORD

[143 N.C. App. 646 (2001)]

as administrator. We disagree with respondent's arguments, and affirm the decision of the trial court.

## I. Willful Abandonment

[1] North Carolina intestacy laws allow parents to inherit in equal shares when an intestate child dies without leaving issue. N.C. Gen. Stat. § 29-15(3) (1999). A parent can, however, act in a way that negates the right to inherit. If a parent abandons a child, that parent cannot share in the deceased child's estate. N.C. Gen. Stat. § 31A-2 (1999) states that

> [a]ny parent who has wilfully abandoned the care and main-
> tenance of his or her child shall lose all right to intestate succes-
> sion in any part of the child's estate and all right to administer the
> estate of the child, except—
>
> (1) Where the abandoning parent resumed its care and main-
>     tenance at least one year prior to the death of the child
>     and continued the same until its death; or
>
> (2) Where a parent has been deprived of the custody of his or
>     her child under an order of a court of competent juris-
>     diction and the parent has substantially complied with all
>     orders of the court requiring contribution to the support
>     of the child.

Though it is clear that abandonment prevents a parent from inherit-ing from an intestate child, the determination of what behavior actu-ally constitutes abandonment is a factual issue to be addressed on a case-by-case basis.

Prior North Carolina case law has dealt with the issue of aban-donment. Abandonment has been defined as

> any wilful or intentional conduct on the part of the parent which
> evinces a settled purpose to forego all parental duties and relin-
> quish all parental claims to the child. Wilful intent is an integral
> part of abandonment and this is a question of fact to be deter-
> mined from the evidence.

> . . . .

> Abandonment has also been defined as wilful neglect and
> refusal to perform the natural and legal obligations of parental
> care and support. It has been held that if a parent withholds
> his presence, his love, his care, the opportunity to display filial

affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.

*Pratt v. Bishop,* 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962) (citations omitted); *Hixson v. Krebs,* 136 N.C. App. 183, 188, 523 S.E.2d 684, 687 (1999), *disc. review denied,* 352 N.C. 356, 544 S.E.2d 546 (2000).

A finding of abandonment is key to the ultimate disposition of this case. If respondent abandoned his daughter, he falls under the provisions of N.C. Gen. Stat. § 31A-2 and is precluded from sharing in the estate's wrongful death proceeds. "The proceeds of a settlement for wrongful death of a child are subject to the provisions of G.S. 31A-2 even though such proceeds are not assets of the estate of the deceased child." *Lessard v. Lessard,* 77 N.C. App. 97, 101, 334 S.E.2d 475, 477 (1985), *aff'd,* 316 N.C. 546, 342 S.E.2d 522 (1986).

After initial appearances before the Surry County Clerk of Superior Court, respondent appealed to the Surry County Superior Court for a trial *de novo.* The trial court made findings of fact and concluded, as a matter of law, that

1. The Respondent, Randy Keith Lunsford, willfully abandoned his late daughter, Candice Leigh Lunsford, whose estate is the subject of this dispute, in accordance with North Carolina General Statute 31A-2.

2. North Carolina General Statute 31A-2(2) does not apply to the facts of this case as there was no Order of a Court depriving the defendant of custody.

3. The Petitioner, Dawn Collins Bean, is the only proper person to serve as Administratrix.

4. Although the Respondent maintains his objection to jurisdiction, all parties agreed and stipulated to a *de novo* hearing on the appeal from the Clerk of Superior Court.

5. All parties stipulate that this Order may be signed out of Session, Term and/or County.

The Surry County Superior Court also entered the following Order:

That the Respondent, Randy Keith Lunsford, willfully abandoned his late daughter, Candice Leigh Lunsford, and is, therefore, precluded by North Carolina General Statute 31A-2, from sharing in

the proceeds of the Estate of Candice Leigh Lunsford. Further, the Petitioner, Dawn Collins Bean, shall continue to administer the Estate of Candice Leigh Lunsford. Finally, with the consent of all parties, this matter may be executed out of Session, Term and/or County.

The superior court conducted a bench trial in this case and undertook the role of fact-finder. We are bound by the trial court's findings of fact if they are supported by competent evidence. "[T]he scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). Petitioner and respondent each presented evidence on the issue of abandonment. Respondent maintained that he initially left petitioner and Candi because of his alcoholism and his inability to handle the rigors of family life. He presented evidence that he and Candi always had a good relationship, as evidenced by the fact that he attended her high school graduation and made plans for furthering their relationship just before her death. Respondent acknowledged that he was not always emotionally stable, but stated that he intentionally limited his contact with Candi to those times when he could nurture their relationship. Respondent also maintained that he offered to financially support his daughter, but that petitioner refused his offers.

Petitioner, on the other hand, provided evidence that respondent visited Candi less than a dozen times from the date of their separation in 1985 to Candi's death in 1999. She also stated that respondent paid less than $100.00 during those fifteen years (though she also acknowledged that she refused his offers to pay support). Petitioner referenced the divorce judgment and noted that it did not terminate respondent's parental rights, nor did it prevent him from taking an active role in his daughter's life. Petitioner argued that respondent could have financially supported their daughter in a variety of ways, and could have taken a more active visitation stance over the years, perhaps by initiating a court action to get visitation or custody of Candi. Finally, petitioner noted that respondent's mother was the one who facilitated visits between respondent and Candi because respondent was immature and battled alcoholism.

The trial court heard the conflicting evidence and was in the best position to render a decision based on the parties' positions. The trial

IN RE ESTATE OF LUNSFORD

[143 N.C. App. 646 (2001)]

court's findings of fact and conclusions of law ended the factual dispute and resolved the issue of abandonment in favor of petitioner. The trial court concluded that respondent abandoned his daughter, and we are bound by that conclusion, as it is supported by the evidence of record. Respondent's first assignment of error is therefore overruled.

## II. Applicability of N.C. Gen. Stat. § 31A-2

[2] Petitioner and respondent agree that N.C. Gen. Stat. § 31A-2 is the relevant statute in this case; however, they disagree on its interpretation and the applicability of its provisions to their dispute. Respondent first argues that the statute does not apply in this case because the Legislature meant it to apply only to the estates of minor children; that is, those children who are under the age of eighteen when they die. It is undisputed that Candi Lunsford was eighteen years old at the time of her death. Respondent contends that his daughter should not be covered under the statute's purview. Petitioner urges this Court to give the statute its plain meaning and find that N.C. Gen. Stat. § 31A-2 applies to the estate of any son or daughter of an individual.

This argument constitutes an issue of first impression, as this is the first time this question has been squarely presented to this Court. We agree with petitioner's reading of the statute, however, and hold that N.C. Gen. Stat. § 31A-2 applies to the estate of any son or daughter of an individual, even after that child has reached the age of majority. Absent some inequitable result, words or phrases in a statute are to be given their ordinary, everyday meaning. *Wood v. J.P. Stevens and Co.*, 297 N.C. 636, 643, 256 S.E.2d 692, 697 (1979) (citations omitted). There are numerous other statutes wherein the Legislature specifically noted that "child" meant a child under the age of eighteen. In those instances, the Legislature chose to insert the words "minor child" into the statutory scheme. *See* N.C. Gen. Stat. Chapter 48A, "Minors," effective 5 July 1971. N.C. Gen. Stat. § 48A-1 (1999) abrogates the common-law definition of minor. N.C. Gen. Stat. § 48A-2 (1999) states that "[a] minor is any person who has not reached the age of 18 years." When the two statutes are read together, "the effect is that wherever the term 'minor,' 'minor child' or 'minor children' is used in a statute, the statute now refers to age 18." *Crouch v. Crouch*, 14 N.C. App. 49, 51, 187 S.E.2d 348, 349, *cert. denied*, 281 N.C. 314, 188 S.E.2d 897 (1972). We interpret this to mean that, unless the word "minor" is inserted before the word "child," then "child" can be a person of any age.

IN RE ESTATE OF LUNSFORD

[143 N.C. App. 646 (2001)]

Webster's Dictionary defines a child as "[a] son or a daughter; an offspring." *The American Heritage Dictionary* 165 (2d ed. 1985). Black's Law Dictionary defines a child as "[p]rogeny; offspring of parentage." *Black's Law Dictionary* 239 (6th ed. 1991). These definitions do not place an upper age limit on a child; thus, a parent's child may be a newborn or a person of any age.

The law has singled out certain ages and attributed legal significance to them. Generally, the Legislature has used the term "minor child" when the age of eighteen is significant. Black's Law Dictionary defines a minor as "[a]n infant or person who is under the age of legal competence. . . . In most states, a person is no longer a minor after reaching the age of 18[.]" *Black's Law Dictionary* 997 (6th ed. 1991). We note that the Legislature did not use the term "minor child" in N.C. Gen. Stat. § 31A-2. As a practical matter, it does not seem logical to believe that the Legislature meant that only a "minor" child would be protected by N.C. Gen. Stat. § 31A-2. If that were the case, an abandoning parent could inherit from a child if that child was over eighteen, but the abandonment would be held against the parent if the child was under the age of eighteen. In any event, it is not the province of this Court to rewrite the General Statutes. If the Legislature wishes to change or clarify the meanings of certain words in the General Statutes, it may do so. Until then, we give the word "child" its plain meaning and decline to place an age limit on the word unless so directed by the Legislature. The child's age does not change the facts of abandonment, if they are present in a case. Thus, we hold that N.C. Gen. Stat. § 31A-2 applies to all children of an individual, not just to minor children under the age of eighteen.

[3] N.C. Gen. Stat. § 31A-2 prevents parents who abandon their children from inheriting from those children unless the parent meets one of two exceptions. N.C. Gen. Stat. § 31A-2(2) allows a parent to inherit from a child—despite evidence of parental abandonment—if the parent has been "deprived of the custody of his or her child under an order of a court of competent jurisdiction and the parent has substantially complied with all orders of the court requiring contribution to the support of the child." N.C. Gen. Stat. § 31A-2(2).

Petitioner and respondent divorced when Candi was a small child. The 1985 divorce judgment granted sole "care, custody and control" of Candi Lunsford to petitioner. That judgment did not, however, prevent respondent from helping to raise his daughter or contribute to her care and maintenance. The prior cases of *Hixson* and

*Lessard* shed light on the issue of a divorce judgment and its significance to N.C. Gen. Stat. § 31A-2(2). We note, however, that both *Hixson* and *Lessard* dealt with divorce judgments that relied on provisions in prior separation agreements. There was no prior separation agreement in the present case. However, we can analogize and reason that the divorce judgment in this case did not operate to terminate respondent's parental rights. Indeed, the divorce judgment did not speak to future relationships. It merely gave custody, care, and control of Candi to her mother at the time of the divorce. There was no language in the divorce judgment that prevented respondent from seeking visitation or even custody of Candi. Our Supreme Court has previously noted that "the control and custody of minor children cannot be determined finally. Changed conditions will always justify inquiry by the courts in the interest and welfare of the children, and decrees may be entered as often as the facts justify." *In re Marlowe*, 268 N.C. 197, 199, 150 S.E.2d 204, 206 (1966). *See also* N.C. Gen. Stat. § 50-13.7 (1999).

The divorce judgment in this case did not order respondent to support Candi; however, parents have a duty to support their children until they reach the age of majority. *See Nisbet v. Nisbet*, 102 N.C. App. 232, 402 S.E.2d 151, *disc. review denied*, 329 N.C. 499, 407 S.E.2d 538 (1991), and N.C. Gen. Stat. § 50-13.4(b) (1999). Pursuant to N.C. Gen. Stat. § 31A-2, parents have a duty to provide "care and maintenance" for their children until they reach the age of majority. Undoubtedly, the duty of care is a natural obligation, whereby a parent shows love and affection for the child and is a presence in the child's life, while the duty of maintenance pertains to the legal duty a parent has for a child.

Therefore, because the divorce judgment did not deprive respondent of custody of Candi, N.C. Gen. Stat. § 31A-2(2) does not apply. Respondent remains under the provisions of N.C. Gen. Stat. § 31A-2, and the trial court has already found that respondent abandoned Candi Lunsford. No exceptions to this conclusion exist, and respondent cannot inherit from his daughter's estate.

### III. The Proper Administrator

[4] The trial court sat as the fact-finder in this matter, and concluded that respondent abandoned his daughter. Because the trial court's findings are supported by the evidence, we are bound by those findings. Therefore, we do not reach the issue of whether petitioner was the only proper administrator of Candi Lunsford's estate, and we also

IN RE ESTATE OF LUNSFORD

[143 N.C. App. 646 (2001)]

need not examine whether petitioner breached her fiduciary duties, as these points are now moot.

Therefore, the trial court's findings of fact and judgment naming petitioner as the administratrix of Candi Lunsford's estate are

Affirmed.

Judge BRYANT concurs.

Chief Judge EAGLES dissents.

EAGLES, Chief Judge, dissenting.

I respectfully dissent.

The majority's logic would be flawless if the intestate had died while a minor. Had intestate died as a minor, her father's abandonment of her would have properly deprived him of the right to inherit from her by intestacy. G.S. 31A-2. Here, however, the intestate was no longer a minor. Since intestate died as an adult, her father has a statutory right to inherit without regard to his prior sins of omission. G.S. 29-15(3). As an adult, intestate could have prepared a will and could have specified how her estate would be distributed. G.S. 31-1. Whether through negligence or by intention, intestate (like most people her age) never executed a will to assure that the principles of North Carolina intestate law would not control disbursement of her estate. Here, I believe the intestate succession act mandates that the father share in intestate's estate.

G.S. 31A-2 bars abandoning parents' right to administer a deceased child's estate and to share in the estate by intestate succession. In the statute's exceptions it refers to a parent resuming "its care and maintenance," G.S. 31A-2(1), and a parent having "been deprived of the custody of his or her child" and having "substantially complied with all orders . . . requiring contribution to the support of the child." G.S. 31A-2(2). Generally, only where a *minor* child is involved does a parent have responsibility for "care and maintenance" and only where a *minor* child is involved does a parent have custody rights or obligations to support a child. Nothing in this record indicates that the father here any longer had responsibilities for care and maintenance, or custody and support. It is clear from the plain language of the statute when read in context that "child" for the purposes of G.S. 31A-2 is limited to minor children.

On the facts of this case, this result might not seem "fair." We have all learned, however, that "hard cases make bad law." This is the most recent example. To rule as the majority has decided will foster estates disputes and potential litigation in every case where parents and deceased adult children are estranged at the time of death or were estranged at any time in the child's minority. I think certainty in the law requires us to conclude that G.S. 31A-2 applies only to minor children-decedents.