IN RE: THE ESTATE OF CANDICE LEIGH LUNSFORD, Deceased

No. COA02-904

(Filed 2 September 2003)

**1. Appeal and Error— Supreme Court order—application of statute by implication**

The statute which prohibits a parent who has abandoned a child from taking by intestate succession (N.C.G.S. § 31A-2) was implicitly applied to a case in a North Carolina Supreme Court order which remanded for findings of fact on issues raised by the statute.

**2. Intestate Succession— parent who abandoned child—findings—not sufficient for willful abandonment**

The trial court's conclusion that a father could not inherit by intestate succession from his daughter was not supported by the findings. Those findings at most describe a man with alcoholism who curtailed contact but visited his daughter throughout her life, and who offered to help with her maintenance and support but was refused by his ex-wife. These findings do not rise to the level of willful abandonment.

**3. Intestate Succession— parent who abandoned child—compliance with prior court order**

An exception to the statute barring intestate succession by parents who abandon their children (N.C.G.S. § 31A-2(2)) applied because respondent complied with the only court order in existence. That order, for reasons not given, awarded custody to the child's mother but did not require the payment of child support; this was apparently acceptable to the mother, who subsequently refused respondent's offers of support.

Judge BRYANT dissenting.

Appeal by respondent from judgment entered 16 April 2002 by Judge L. Todd Burke in Surry County Superior Court. Heard in the Court of Appeals 26 March 2003.

*Royster & Royster, by Stephen G. Royster and Michael D. Beal, for petitioner-appellee.*

*Law Offices of Jonathan S. Dills, P.A., by Jonathan S. Dills and Daniel B. Anthony, for respondent-appellant.*

IN RE ESTATE OF LUNSFORD

[160 N.C. App. 125 (2003)]

GEER, Judge.

This appeal addresses the proper distribution of the estate of Candice Leigh Lunsford ("Candice"), who died at the age of eighteen in an automobile accident. Petitioner Dawn Collins Bean, the estate's administratrix and Candice's mother, contends that respondent Randy Keith Lunsford, Candice's father, willfully abandoned Candice and is not entitled to share in Candice's estate.

Following a prior appeal, in which our Supreme Court ordered the case remanded to the trial court for additional findings of fact, *In re Estate of Lunsford*, 354 N.C. 571, 556 S.E.2d 292 (2001), the superior court concluded that Mr. Lunsford had willfully abandoned his daughter and was not entitled, under N.C. Gen. Stat. § 31A-2 (2001), to share in Candice's estate. Since neither party has assigned error to the superior court's findings of fact, the sole issue before this Court is whether those findings support the superior court's conclusions of law. We hold that the findings do not support the superior court's conclusion that Mr. Lunsford willfully abandoned his daughter and reverse.

On 30 June 1999, Candice died in a car accident. On 31 August 1999, after the proceeds of a $100,000.00 liability insurance policy had been tendered to Candice's estate, the estate sought a determination by the clerk of court of Mr. Lunsford's right to inherit. In an order entered 20 December 1999, the clerk of superior court for Surry County concluded that Mr. Lunsford was precluded from inheriting by N.C. Gen. Stat. § 31A-2. Mr. Lunsford appealed the clerk's decision to the superior court, which, after conducting an evidentiary hearing on 7 February 2000, reached the same conclusion.

On appeal, this Court affirmed the superior court, with Chief Judge Eagles dissenting on the grounds that N.C. Gen. Stat. § 31A-2 should not apply because Candice was not a minor at the time of her death. *In re Estate of Lunsford*, 143 N.C. App. 646, 547 S.E.2d 483 (2001). Mr. Lunsford appealed to the North Carolina Supreme Court based on the dissenting opinion. On 18 December 2001, the Supreme Court vacated the opinion of this Court and remanded the case to this Court for further remand to the trial court for:

additional findings of fact as to (1) whether respondent Randy Lunsford abandoned Candice Leigh Lunsford; (2) if so, whether respondent Randy Lunsford resumed care and maintenance of Candice Leigh Lunsford at least one year prior to her death

and continued the same until her death; and (3) whether respondent Randy Lunsford "substantially complied" with all orders of the trial court requiring contribution to the support of the child.

354 N.C. 571, 571, 556 S.E.2d 292, 292 (2001).

On 12 April 2002, the superior court conducted an in-chambers hearing at which the parties agreed that the court would make its additional findings of fact without taking further evidence. Based on the 7 February 2000 hearing transcript and the arguments of counsel, the court, on the same day, entered an order setting forth new findings of fact.

Specifically, the court found that Ms. Bean and Mr. Lunsford married at young ages on 1 November 1980. Candice was born on 21 June 1981. Candice's parents separated on 20 November 1982. Because Mr. Lunsford was an alcoholic and too immature for the responsibilities of family life, Ms. Bean did not want him to remain in the same household as their daughter. Mr. Lunsford agreed and honored Ms. Bean's request that he leave.

On 30 January 1985, Ms. Bean and Mr. Lunsford were divorced. The divorce decree gave sole "care, custody and control" of Candice to Ms. Bean. The decree made no provision for visitation for Mr. Lunsford. The decree mentioned the subject of child support, but did not include any provisions directing either parent to pay child support.

On 30 March 1985, Ms. Bean married Gary Bean. Following that marriage, Mr. Bean assisted Ms. Bean with the support of Candice and they together almost exclusively paid for Candice's expenses. The court found that throughout Candice's minority, Mr. Lunsford occasionally offered to pay Ms. Bean for a part of the care and maintenance of Candice, but that Ms. Bean refused all of his offers. After one of Mr. Lunsford's offers, Ms. Bean suggested that he buy Candice some clothes that she wanted and, according to the trial court, he "readily complied."

The court further found that from the date that Ms. Bean and Mr. Lunsford separated, Mr. Lunsford visited with Candice sporadically on his own initiative. Mr. Lunsford's mother, who had an established relationship with Candice, would pick her up for a visit and Mr. Lunsford would occasionally spend time with his daughter then.

The court found that as Candice grew older, either Candice or Mr. Lunsford would initiate phone calls, visits, or other "relational contact." The court noted that the visits "usually coincided with lulls in [Mr. Lunsford's] alcoholism and/or an increase in the emotional stability of his private life." Just before Candice's unexpected death, Mr. Lunsford attended her high school graduation. According to the trial court, both Candice and Mr. Lunsford "had initiated plans for furthering their father-daughter relationship."

Based on these findings of fact, the trial court again concluded that Mr. Lunsford had willfully abandoned his daughter within the meaning of N.C. Gen. Stat. § 31A-2 and that neither of the exceptions contained within the statute applied. Mr. Lunsford has appealed from that 16 April 2002 order.

### Applicability of N.C. Gen. Stat. § 31A-2

[1] Initially, Mr. Lunsford contends that N.C. Gen. Stat. § 31A-2 does not apply because Candice was not a minor at the time of her death. N.C. Gen. Stat. § 31A-2 provides:

Any parent who has wilfully abandoned the care and maintenance of his or her child shall lose all right to intestate succession in any part of the child's estate and all right to administer the estate of the child, except—

(1) Where the abandoning parent resumed its care and maintenance at least one year prior to the death of the child and continued the same until its death; or

(2) Where a parent has been deprived of the custody of his or her child under an order of a court of competent jurisdiction and the parent has substantially complied with all orders of the court requiring contribution to the support of the child.

We are not free to revisit the question of the applicability of this statute to the facts of this case since that issue was necessarily decided by the Supreme Court in the prior appeal.

Although the Supreme Court's order does not expressly hold that N.C. Gen. Stat. § 31A-2 applies to this case, that conclusion is implicit in the Court's 18 December 2001 order. Because this case was before the Supreme Court pursuant to N.C. Gen. Stat. § 7A- 30(2) (2001), the scope of the appeal was limited to the subject matter of Chief Judge Eagles' dissent, which addressed the question whether N.C. Gen. Stat.

§ 31A-2 "applies only to minor children-decedents." 143 N.C. App. at 656, 547 S.E.2d at 489. In addressing that issue, the Supreme Court ordered a remand for additional findings of fact regarding whether respondent had abandoned Candice; if so, whether he had resumed care and maintenance at least one year before her death; and whether he had substantially complied with all child support orders. 354 N.C. at 571, 556 S.E.2d at 292. Such additional findings tracking the provisions of N.C. Gen. Stat. § 31A-2 would not be necessary had the Court concluded that the statute did not apply. By vacating this Court's prior opinion and directing the trial court to make additional findings regarding each of the factors specified in N.C. Gen. Stat. § 31A-2, the Supreme Court necessarily concluded that the statute did apply in this case and we may not conclude otherwise.[1]

## Standard of Review

A trial court's findings of fact following a bench trial have the force of a jury verdict and are conclusive on appeal if there is evidence to support them. *Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 98 (2000). Appellate review of the trial court's conclusions of law is *de novo*. *Id.* Under N.C.R. App. P. 10(a), however, this Court's review is limited to those findings of fact and conclusions of law properly assigned as error. Thus, "findings of fact to which [appellant] has not assigned error and argued in his brief are conclusively established on appeal." *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002).

Since neither party in this case has assigned error to any of the findings of fact, we take them as conclusive. In addition, appellant has only assigned error to conclusions of law 1 and 3:

> 1. Lunsford and Candi[ce] had some relationship during the lifetime of Candi[ce]. However, Lunsford willfully abandoned his daughter, Candice Leigh Lunsford, as that term is used and understood in N.C. Gen. Stat. § 31A-2 and North Carolina common law.
>
> . . . .
>
> 3. Although Lunsford was deprived of the custody of Candi[ce] under an order of a court of competent jurisdiction, and support was considered[,] Lunsford could not substan-

---

1. We also dismiss respondent's assignment of error arguing the constitutionality of N.C. Gen. Stat. § 31A-2 since respondent raised that issue for the first time on this appeal.

tially comply with all orders of a court requiring contribution to the support of Candi[ce] since no order to pay child support was issued.

Our review is thus limited by appellant's assignments of error to a determination whether the trial court's conclusions of law 1 and 3 are supported by its findings of fact.

### Willful Abandonment

[2] In considering whether a parent has willfully abandoned a child under N.C. Gen. Stat. § 31A-2, this Court applies the definition of "willful abandonment" set forth in *Pratt v. Bishop*, 257 N.C. 486, 126 S.E.2d 597 (1962). *See Hixson v. Krebs*, 136 N.C. App. 183, 188, 523 S.E.2d 684, 687 (1999), *cert. denied*, 352 N.C. 356, 544 S.E.2d 546 (2000); *Lessard v. Lessard*, 77 N.C. App. 97, 100-01, 334 S.E.2d 475, 477 (1985), *aff'd*, 316 N.C. 546, 342 S.E.2d 522 (1986). In *Pratt*, the Supreme Court set forth two definitions of "willful abandonment":

> The most frequently approved definition is that abandonment imports any wilful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. Wilful intent is an integral part of abandonment and this is a question of fact to be determined from the evidence.
>
>     . . . .
>
> Abandonment has also been defined as wilful neglect and refusal to perform the natural and legal obligations of parental care and support. It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.
>
>     . . . .
>
> Abandonment requires a wilful intent to escape parental responsibility and conduct in effectuation of such intent.

*Pratt*, 257 N.C. at 501-02, 126 S.E.2d at 608 (citations omitted).

In this case, the trial court's findings of fact establish that Mr. Lunsford originally left his daughter at his wife's request because of his alcoholism. In the divorce decree, the court granted sole custody to Ms. Bean and did not specifically address visitation for Mr. Lunsford. Nevertheless, the court found that "Lunsford and Candi[ce]

had some relationship during the lifetime of Candi[ce]." Specifically, from the date that the parties separated, Mr. Lunsford took the initiative to visit Candice, although the trial court found that he did so only "sporadically" or "occasionally." The court further found that "[a]s Candi[ce] grew older, either Candi[ce] or Lunsford would initiate phone calls, visits, or other relational contact." The court specifically found that Mr. Lunsford attended Candice's high school graduation and they "both had initiated plans for furthering their father-daughter relationship."

With respect to Candice's care and maintenance, the court found that no child support order had ever been entered requiring that Mr. Lunsford pay support. The court further found that although Ms. Bean and Candice's stepfather, Gary Bean, had paid "almost exclusively" for Candice's care, Mr. Lunsford had "[t]hroughout Candi[ce]'s minority . . . occasionally offered to pay Bean for some of the care and maintenance of Candi[ce]." Ms. Bean, however, refused those offers. The court did note that when Ms. Bean suggested that Mr. Lunsford buy Candice clothes instead, he "readily complied."

These findings of fact do not rise to the level of willful abandonment as defined in *Pratt*. The findings at most describe a man who had curtailed contact with his daughter, but still visited and contacted her throughout her life. While Mr. Lunsford did not in fact pay child support, the findings do not suggest that he ignored his obligation to assist in his daughter's care and maintenance. To the contrary, the court found that he offered to help, but was refused.

The findings thus do not set forth any intentional conduct by Mr. Lunsford that "evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." *Pratt*, 257 N.C. at 501, 126 S.E.2d at 608. Nor do the findings establish that Mr. Lunsford "[withheld] his presence, his love, his care, the opportunity to display filial affection, and wilfully neglect[ed] to lend support and maintenance . . . ." *Id. See also id.* at 501-02, 126 S.E.2d at 608 ("[A] mere failure of the parent of a minor child in the custody of a third person to contribute to its support does not in and of itself constitute abandonment.").

In *In re Young*, 346 N.C. 244, 251-52, 485 S.E.2d 612, 617 (1997), our Supreme Court concluded that findings of fact setting forth even less substantial contact between a mother and child were insufficient to support the trial court's conclusion that the mother had willfully abandoned her son. Although the mother, during the six-month period

at issue, had made no attempt to visit her son, she had called "at times," she had requested to see her son before she underwent surgery, and subsequently she began visiting him. The Court held that "[t]his conduct does not evidence a willful abandonment of her child on the part of respondent." *Id.* at 252, 485 S.E.2d at 617.

Likewise, while the trial court's findings of fact in this case present an unflattering portrait of Mr. Lunsford as a father, they do not suggest "a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986). The description in the findings of fact of Mr. Lunsford's efforts throughout his daughter's life to maintain a "relationship" with her, although limited, and of his rebuffed offers to assist in her maintenance cannot be reconciled with the definitions of "willful abandonment" adopted in this State.

We stress the narrowness of our review. While appellee refers to evidence supporting her position, the trial court chose not to make findings in accordance with that evidence. Appellee has not cross-assigned error as to those findings. It is not the role of this Court to consider what the trial court could have found or to make our own findings based on our review of the record. Instead, our review is limited to determining whether the court's actual findings of fact support the conclusion that it reached. In this case, they do not.

[3] We also hold that the trial court erred in concluding that Mr. Lunsford did not fall within the scope of N.C. Gen. Stat. § 31A-2(2). Under N.C. Gen. Stat. § 31A-2(2), a parent who has willfully abandoned the care and maintenance of his or her child maintains his right to intestate succession from his child's estate "[w]here a parent has been deprived of the custody of his or her child under an order of a court of competent jurisdiction and the parent has substantially complied with all orders of the court requiring contribution to the support of the child." The Supreme Court specifically directed the trial court to make findings as to "whether respondent Randy Lunsford 'substantially complied' with all orders of the trial court requiring contribution to the support of the child." *Lunsford*, 354 N.C. at 571, 556 S.E.2d at 292.

On remand, the trial court found that Mr. Lunsford was deprived of the custody of his daughter under an order of a court of competent jurisdiction and, therefore, met the first requirement of the exception in N.C. Gen. Stat. § 31A-2(2). Although appellee argues on appeal that there was no deprivation of custody, she did not cross-assign error to

the trial court's finding otherwise. That finding is, therefore, binding on this Court.

In any event, the finding is fully supported by the evidence. In the divorce judgment, the district court ordered that "the care, custody and control of Candice Leigh Lunsford is hereby awarded to [Teresa Dawn Collins Lunsford]." The decree also did not grant Mr. Lunsford any visitation rights. Appellee contends that this order is insufficient and the exception should not apply absent a termination of parental rights. If, however, a parent's rights have been terminated, then he has no right to inherit from the child. N.C. Gen. Stat. § 7B-1112 (2001). N.C. Gen. Stat. § 31A-2 can only be relevant if a parent still has rights of inheritance. Appellee's proposed construction of the exception would render the exception meaningless. *See* Comment, "In re Estate of Lunsford and Statutory Ambiguity: Trying to Reconcile Child Abandonment and the Intestate Succession Act," 81 N.C.L. Rev. 1149, 1176 (Mar. 2003) ("If the divorce judgment had deprived Mr. Lunsford of his parental rights, there would be no lawsuit, because a parent whose parental rights have been terminated cannot inherit through intestacy; section 31A-2 is therefore inapplicable.").

Although the trial court found that Mr. Lunsford had been deprived of custody, it nonetheless concluded that the exception to N.C. Gen. Stat. § 31A-2 did not apply because "Lunsford could not substantially comply with all orders of a court requiring contribution to the support of Candi[ce] since no order to pay child support was issued." We cannot agree with this construction of the exception.

The policy underlying Chapter 31A, barring property rights, is to ensure "that no person shall be allowed to profit by his own wrong." N.C. Gen. Stat. § 31A-15 (2001). The exception contained in N.C. Gen. Stat. § 31A-2(2) must be construed in accordance with that policy. The exception essentially states that if a court takes away custody of a child and decides the specifics of support, then a parent should not be denied the right to participate in intestate succession if he limits his role in his child's life to the parameters set out by a court. Although, as appellee argues, a parent could do more, the exception provides that a failure to exceed the requirements of a court order does not warrant application of N.C. Gen. Stat. § 31A-2.

Here, the trial court found that the district court entering the divorce decree considered child support, but "made no order whether child support was to be paid by either parent." In fact, the decree specifically found that no court had entered any order "concerning

child custody or child support for the minor child involved in this action." Then, the district court, for reasons not set out in the decree or record, chose to award "care, custody and control" of Candice to her mother and not include any requirement that Mr. Lunsford pay child support. Although the district court's order failing to require Mr. Lunsford to pay any child support may be curious, that determination of the district court was apparently acceptable to appellee since, as the trial court found below, she "refused" all offers of child support.

Because the district court in its divorce judgment considered the issue of child support but elected not to require Mr. Lunsford to pay support, Mr. Lunsford has complied with the only order in existence addressing the question of child support. To conclude, as the trial court did, that exception (2) of N.C. Gen. Stat. § 31A-2, does not apply if a court has decided not to order a parent to pay child support in effect allows a subsequent court to revisit the issue of support and decide, contrary to the earlier decision, that a parent should have done more. Here, although Mr. Lunsford did not pay child support, his actions were consistent with the only pertinent order and in accordance with the mother's wishes. His conduct cannot be deemed "wrong" in the sense of the public policy expressed in N.C. Gen. Stat. § 31A-15. Thus, even if the trial court's determination of willful abandonment was supported by the findings of fact, the court erred in failing to conclude that N.C. Gen. Stat. § 31A-2(2) applied.

Reversed.

Judge TIMMONS-GOODSON concurs.

Judge BRYANT dissents in a separate opinion.

BRYANT, Judge, dissenting.

As I believe Mr. Lunsford's wilful neglect of the natural and legal obligations of parental care and support owed to his daughter Candice constituted wilful abandonment as defined by the law of this State, I respectfully dissent.

Whether a parent has abandoned his child within the meaning of section 31A-2 of the North Carolina General Statutes is a question of fact to be decided by a jury, or judge acting as the finder of fact. *See*

*Hixson · v. Krebs*, 136 N.C. App. 183, 188-89, 523 S.E.2d 684, 687 (1999). In the original appeal of this case, the North Carolina Supreme Court specifically instructed the trial court on remand to make ultimate findings of fact on three issues: (1) whether Mr. Lunsford abandoned Candice; (2) if so, whether Mr. Lunsford resumed care and maintenance of Candice at least one year prior to her death and continued the same until the date of her death; and (3) whether Mr. Lunsford "substantially complied" with any and all child support orders. *In re Lunsford*, 354 N.C. 571, 571, 556 S.E.2d 292, 292 (2001). The trial court, however, on remand labeled its findings of fact on these issues as conclusions of law. Fortunately, the trial court's mislabeling of its ultimate findings is not fatal to the order as these findings of fact are clearly stated and distinguishable from the trial court's conclusion of law, contained in its mandate, that Mr. Lunsford was barred under section 31A-2 from sharing in his daughter's estate based upon his abandonment of his daughter. *See In re Faircloth*, 153 N.C. App. 565, 569, 571 S.E.2d 65, 68 (2002) (findings of fact mislabeled as conclusions of law did not violate N.C. Gen. Stat. § 1A-1, Rule 52 where they were clearly stated and easily distinguishable). Although the trial court could, and indeed should, have made findings that were more comprehensive and reflective of the evidence, I conclude that the evidentiary findings which were made are sufficient to support an ultimate finding of wilful abandonment based upon wilful neglect of parental duties.

Wilful abandonment under section 31A-2 may take the form of "wilful neglect and refusal to perform the natural and legal obligations of parental care and support." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962). Thus, where a parent "withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child." *Id.* "To constitute an abandonment . . . it is not necessary that a parent absent himself continuously from the child . . . , nor even that he cease to feel any concern for its interest." *Id.* at 503, 126 S.E.2d at 609; *see Hixson*, 136 N.C. App. at 188-89, 523 S.E.2d at 687.

In this case, the trial court found Mr. Lunsford left the marital home in 1982 because he "was an alcoholic and too immature for responsibilities of family life." Between the separation and Candice's death in 1999, Mr. Lunsford visited only sporadically, occasionally spending time with his daughter after his mother had arranged for visitation, and also made an appearance at her high school graduation.

Mr. Lunsford did not contribute financially to Candice's care and maintenance, except to buy her clothes on a single occasion. It is, however, noted that Candice's mother also refused any contributions from Mr. Lunsford. As the majority recognizes, no error is assigned to the trial court's findings and they are binding on appeal. Further, this Court noted more specifically in the previous appeal of this case that Mr. Lunsford visited Candice less than twelve times in almost seventeen years and that he paid less than $100.00 toward her support and maintenance. *In re Lunsford*, 143 N.C. App. 646, 648, 547 S.E.2d 483, 484 (2001), *vacated and remanded*, 354 N.C. 571, 556 S.E.2d 292 (2002).

These findings show that Mr. Lunsford made only extremely limited and sporadic attempts to provide any care and maintenance to Candice, otherwise totally abandoning her for almost seventeen years. The duties of care and maintenance in section 31A-2 are specific obligations of a parent, the neglect of which can possibly result in both civil and criminal proceedings. These separate duties define a parent's overall responsibilities to his minor child, and both requirements must be met. *See Davis v. Trus Joint MacMillan*, 148 N.C. App. 248, 253, 558 S.E.2d 210, 214 (2002) (parent must prove he has resumed both care *and* maintenance of his child to obtain workers' compensation death benefits under N.C. Gen. Stat. § 97-40). The duty of care requires a presence in a child's life: to show love and affection, as well as providing support and maintenance. *See Pratt*, 257 N.C. at 501, 126 S.E.2d at 608. The duty of support and maintenance is a legal duty of the parent to his child. *See* N.C.G.S. § 50-13.4(b) (2001) (absent other circumstances, parents are primarily liable for the support of their minor children); *see also Wells v. Wells*, 227 N.C. 614, 616-18, 44 S.E.2d 31, 33-34 (1947) (discussing the moral and legal duty of a parent to support and maintain a minor child). Maintenance and support require that the parental responsibility to provide food, clothing, and shelter be met, *see In re Adcock*, 69 N.C. App. 222, 225, 316 S.E.2d 347, 349 (1984) (failure to provide stable living environment and proper food and clothing is clearly evidence of neglect that cannot be ignored), and the trial court's findings reflect that in fact these requirements were not met by Mr. Lunsford in this case. Neither logic nor the record in this case supports an assertion that a parent who visits a child less than twelve times in almost seventeen years, provides less than $100.00 toward her maintenance and support, buys her clothes on only one occasion, and attends her high school graduation is providing the parental duty of care and maintenance as contemplated in our statute. Simply stated, Mr. Lunsford's

actions do not meet the standard of care and responsibility to which a parent is obligated.

Thus, the trial court's findings conclusively establish Mr. Lunsford wilfully neglected his parental duties and therefore abandoned his daughter within the meaning of section 31A-2. Accordingly, I would affirm the trial court's order denying Mr. Lunsford from sharing in Candice's estate.