BELL ARTHUR WATER CORPORATION, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. 903SC326

(Filed 15 January 1991)

1. **Highways and Cartways § 9 (NCI3d)— state highway improvement project—relocation of water and sewer lines—nonbetterment costs to be paid by Dept.—no requirement that project be "let to contract"**

    In enacting N.C.G.S. § 136-27.1 it was the clear intent of the legislature to require the Department of Transportation to pay for nonbetterment costs due to relocation of sewer and water lines by nonprofit corporations as a result of a state highway improvement project; therefore, there is no requirement that the project be "let to contract."

    **Am Jur 2d, Highways, Streets, and Bridges §§ 125, 278.**

2. **Highways and Cartways § 9 (NCI3d)— relocation of water and sewer lines—reimbursement of nonbetterment costs— work as "improvement"—summary judgment improper**

    The trial court erred in entering summary judgment for defendant as to plaintiff's claim for reimbursement of the costs

for relocation of water and sewer lines along Highway 222 since the only description in the record of the work performed on the highway was that it was work performed to replace a "blown out" storm drain pipe, and there thus remained a material issue of fact as to whether the work done was actually an improvement within the meaning of N.C.G.S. § 136-27.1.

**Am Jur 2d, Highways, Streets, and Bridges §§ 125, 278.**

3. **Highways and Cartways § 9 (NCI3d) — relocation of water and sewer lines — reimbursement of nonbetterment costs — uncontradicted affidavit submitted by plaintiff**

    The trial court erred in ordering that defendant determine the nonbetterment costs relating to state roads 1124 and 1262 in light of the fact that plaintiff submitted an uncontradicted affidavit as to the costs.

**Am Jur 2d, Highways, Streets, and Bridges §§ 125, 278.**

4. **Statutes § 5.1 (NCI3d) — legislative intent — legislator's affidavit inadmissible**

    The trial court did not err in refusing to allow an affidavit of a legislator to show the intent of the legislature in passing N.C.G.S. § 136-27.1.

**Am Jur 2d, Statutes §§ 161, 169.**

5. **Highways and Cartways § 9 (NCI3d) — relocation of water and sewer lines — reimbursement of nonbetterment costs — action not barred by doctrine of sovereign immunity**

    In an action for reimbursement of costs incurred in relocating water and sewer lines during improvement to roads, there was no merit to defendant's contention that the doctrine of sovereign immunity barred plaintiff from suing defendant, since N.C.G.S. § 136-27.1 expressly provides that the Department of Transportation shall pay certain costs, and the statute logically implies waiver of sovereign immunity as to those costs the Department of Transportation is obligated to pay.

**Am Jur 2d, Highways, Streets, and Bridges §§ 125, 228.**

Judge COZORT concurring in part and dissenting in part.

BELL ARTHUR WATER CORP. v. N.C. DEPT. OF TRANSPORTATION

[101 N.C. App. 305 (1991)]

APPEAL by both plaintiff and defendant from a judgment entered 26 February 1990 in Superior Court, PITT County by *Judge Thomas S. Watts.* Heard in the Court of Appeals 23 October 1990.

*Speight, Watson and Brewer, by William H. Watson and James M. Stanley, Jr., for plaintiff-appellant and plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Eugene A. Smith, for defendant-appellee and defendant-appellant.*

LEWIS, Judge.

Plaintiff's appeal involves three questions: 1) whether the trial court erred in entering summary judgment for defendant as to plaintiff's claim for reimbursement of costs relating to highway 222, 2) whether the trial court erred in ordering that the defendant determine the non-betterment costs for state roads 1124 and 1262 in light of the fact that the plaintiff submitted an uncontradicted affidavit as to the costs, and 3) whether the trial court erred in ruling that an affidavit of a legislator stating the legislature's intent in passing N.C.G.S. § 136-27.1 not be admitted into evidence.

Defendant's appeal involves the issue of whether the trial court erred in entering summary judgment for plaintiff as to plaintiff's claim for reimbursement of costs relating to state roads 1124 and 1262.

The plaintiff, Bell Arthur Water Corporation, is a nonprofit corporation which owned water and sewer lines located on state roads 1124 and 1262, and North Carolina highway 222. Due to road work, the plaintiff was required by the defendant, North Carolina Department of Transportation, to relocate the water and sewer lines located in the right-of-way roads in question. The work performed by the Department of Transportation on state roads 1124 and 1262 was paving and other incidental work. The work performed on highway 222 was repair of a "blown out" storm drain.

The plaintiff brought this action to recover the costs it incurred in relocating its water and sewer lines. Plaintiff cites N.C.G.S. § 136-27.1 as the authority to allow reimbursement. N.C.G.S. § 136-27.1 provides:

The Department of Transportation shall pay the nonbetterment cost for the relocation of water and sewer lines, located

within the existing State highway right-of-way, that are necessary to be relocated for a State highway improvement project and that are owned by: (i) a municipality with a population of 5,500 or less according to the latest decennial census; (ii) any water or sewer association or corporation; or (iii) any water or sewer system organized pursuant to Chapter 162A of the General Statutes.

N.C.G.S. § 136-27.1. (Emphasis added.)

The plaintiff filed two affidavits. One affidavit is a statement by the president of Bell Arthur Water Corporation which discloses its costs allegedly incurred for each of the three roads and which was derived from "company business records." The second affidavit is a statement by Jeff H. Enloe, Jr. a member of the North Carolina General Assembly who sponsored the legislation that resulted in Section 136-27.1 of the North Carolina General Statutes. Mr Enloe's affidavit addresses the intent of the legislature in adopting N.C.G.S. § 136-27.1.

Plaintiff's Appeal

The first issue is whether the trial court erred in entering summary judgment for defendant as to plaintiff's claim for reimbursement of the relocation costs relating to highway 222.

[1]  The 1985 Session Laws state that N.C.G.S. § 136-27.1 should apply "only to State highway improvement projects let to contract after July 1, 1985." This portion of the session laws was not codified. The defendant claims that the legislature intended that the statute only apply to situations where the state has contracted for the project to be performed, and not in situations, as here, where the project is performed by state personnel and equipment. Although the session laws may indicate the legislature's intent in passing a statute, if a strict literal interpretation of the language of a statute conflicts with the purpose of the legislature, the purpose of the statute should control. *In re Hardy*, 294 N.C. 90, 95, 240 S.E.2d 367, 371 (1978). Here, a strict literal interpretation of the language in the session laws would override the clear legislative intent to require the Department of Transportation to pay for non-betterment costs due to relocation of sewer and water lines by nonprofit corporations as a result of a state highway improvement project. Therefore, there is no requirement that the project be "let to contract."

**[2]** Plaintiff contends that the work done on highway 222 was a "highway improvement project" within the meaning of N.C.G.S. § 136-27.1. "In construing the language of statutes we are guided by the primary rule of construction that the intent of the Legislature controls." *In re Hardy*, 294 N.C. at 95, 240 S.E.2d at 371. "Unless the contrary appears, it is presumed that the Legislature intended the words of the statute to be given the meaning which they had in ordinary speech at the time the statute was enacted." *Lafayette Transp. Serv., Inc. v. County of Robeson*, 283 N.C. 494, 500, 196 S.E.2d 770, 774 (1973) (citations omitted). Webster's Dictionary defines "improvement" to mean "the enhancement or augmentation of value or quality: an increasing of profitableness, excellence, or desirability." It is unclear from the record exactly what work was done to highway 222. If a larger or improved drain pipe was constructed in its place, this would be considered an improvement. The only description in the record of the work performed on highway 222 is that it was work performed to replace a "blown out" storm drain pipe. Thus, there remained a material issue of fact as to whether the work done on highway 222 was actually work that was an improvement. We hold that the trial court erred in granting summary judgment as to that claim and remand the case to determine whether or not the work was an "improvement" or merely "repair or maintenance."

**[3]** The plaintiff contends that the trial court erred in ordering that the defendant determine the non-betterment costs for state roads 1124 and 1262 in light of the fact that plaintiff submitted an uncontradicted affidavit as to the costs. The affidavit of the president of Bell Arthur Water Corporation stated that the business records reflect that the total necessary non-betterment costs for highways 1124 and 1262 were $11,985.00 and $6,666.75, respectively. Rule 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." N.C.G.S. § 1A-1, Rule 56(e). Plaintiff's affidavit stated that he was familiar with the projects in question and that he had reviewed the business records before giving his affidavit. The defendant presented no contradicting affidavit. We hold that the plaintiff adequately met his burden. The trial judge should have also entered summary judgment in plaintiff's favor with respect to the costs as indicated in the plaintiff's affidavit.

[4]   The plaintiff also contends that the trial court erred in refusing to allow an affidavit of a legislator to show the intent of the legislature in passing N.C.G.S. § 136-27.1. The Supreme Court of North Carolina has stated that "[t]he intention of the legislature cannot be shown by the testimony of a member." *Styers v. Phillips*, 277 N.C. 460, 472, 178 S.E.2d 583, 590 (1971). The plaintiff clearly intended to use the affidavit to show the intent of the legislature. Therefore, we hold that the trial judge was correct in refusing to allow the affidavit of the legislator into evidence.

## Defendant's Appeal

[5]   The defendant's assignment of error concerns whether the trial court erred in entering summary judgment for the plaintiff as to the plaintiff's claims for reimbursement of costs relating to state roads 1124 and 1262. The defendant first states that the trial court erred in entering summary judgment because the doctrine of sovereign immunity barred the plaintiff from suing the defendant. N.C.G.S. § 136-27.1 expressly provides that the Department of Transportation shall pay certain costs. We hold that the statute logically implies waiver of sovereign immunity as to those costs the Department of Transportation is obligated to pay.

The defendant also contends that the statute only applies to projects which have been "let to contract," that we are bound to give these words their full effect, and that we should consider the fact that the agency administering the law interpreted the statute to apply only to projects "let to contract." We have already addressed this argument and find that the statute is not limited to situations where the project is "let to contract." Also, we are not bound by the agency's interpretation of the statute.

The defendant claims that N.C.G.S. § 136-27.1 must be strictly construed because it is in derogation of the common law rule "that a public utility is required to vacate and/or adjust at its own expense its utilities located in public streets when such relocation and/or adjustment is necessary to facilitate street and highway improvements." We have held that if the statute only applies to projects "let to contract," the intent of the legislature would be overridden. Thus, we are bound to construe the statute as we believe the legislature intended.

Lastly, the defendant claims that the issue of costs had not been determined and, thus, summary judgment was improper. We

BELL ARTHUR WATER CORP. v. N.C. DEPT. OF TRANSPORTATION

[101 N.C. App. 305 (1991)]

have already addressed this issue and held that the trial judge should have also entered summary judgment for the plaintiff as to the costs involved in highways 1124 and 1262.

As to the trial court's ruling of summary judgment for defendant concerning highway 222 — Reversed and Remanded.

As to the trial court's order that defendant determine the non-betterment costs for highways 1124 and 1262 — Reversed.

As to the trial court's exclusion of affidavit of the legislature — Affirmed.

As to the trial court's ruling of summary judgment for the plaintiff concerning highways 1124 and 1262 — Affirmed and also remanded for entry of judgment as to the non-betterment costs of highways 1124 and 1262.

Judge WELLS concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT concurring in part and dissenting in part.

I concur with all of the majority's opinion except that portion which remands the cause to the trial court for entry of judgment for plaintiff in the amounts of $11,985.00 and $6,666.75 for reimbursement of necessary non-betterment costs for State Roads 1124 and 1262, respectively. The affidavit of the president of plaintiff did not sufficiently establish those figures as accurate non-betterment costs. His affidavit is conclusory in nature and fails to include the specific business records, presumably statements, invoices, and billings, from which accurate costs can be ascertained. His affidavit contains these two statements: (1) "it appears that $2,765.00 could be considered as betterment . . ."; and (2) "it appears that $2,545.00 could be considered as betterment . . . ." In my opinion judgment should not be entered based on what "appears . . . could be considered as betterment" to the president of plaintiff. Rather, the trial court should view the records and receive testimony, if necessary, to find precisely the betterment and non-betterment costs. I vote to remand that particular issue to the trial court for appropriate findings and conclusions.