PEARL A. WILKINS, PETITIONER v. NORTH CAROLINA STATE UNIVERSITY, RESPONDENT

No. COA05-1253

(Filed 5 July 2006)

**Public Officers and Employees— rehiring after reduction in force—priority—years of service**

A state employee with more than ten years of general service with the State who was subjected to a reduction in force did not have a priority under N.C.G.S. § 126-7.1(c2) over another employee who had also been reduced in force with approximately four years of state service. The trial erroneously held that the statutory phrase "in the same or related position classification" applies to employees with less than ten years of service but not to employees with more than ten years of service.

Appeal by respondent from judgment entered 14 June 2005 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 29 March 2006.

*Schiller & Schiller, PLLC, by David G. Schiller, Kathryn H. Schiller, and Marvin Schiller, for petitioner-appellee.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Q. Shanté Martin, for respondent-appellant.*

HUNTER, Judge.

North Carolina State University ("NCSU") appeals from judgment of the trial court concluding that Pearl A. Wilkins ("petitioner") was entitled to priority consideration for a vacant position at NCSU. NCSU contends the trial court erred in its interpretation of the dispositive statute. We agree and therefore reverse the judgment of the trial court.

Petitioner worked for NCSU in the Animal Science Department from January 1979 to June 1990. She returned to NCSU as an administrative billing assistant in the Communication Technologies Department in February 1993. Petitioner was eventually promoted to the position of "Telecom Project Manager/Telecom Analyst II." In May 2002, NCSU notified petitioner of an impending reduction in force ("RIF") from her position. Her RIF became effective in June 2002. In December 2002, a "Telecom Analyst I" position became vacant. Petitioner applied for the position, but NCSU hired another former employee who had also been reduced in force. The employee hired had approximately four years of state service at the time of his RIF. Petitioner had more than ten years of general state service at the time of her RIF, but she had less than ten years of service in the specific position of a telecommunications analyst.

Petitioner subsequently brought this action in the Office of Administrative Hearings, arguing that, as an RIF employee with more than ten years of service, she was entitled to priority consideration for the vacant position pursuant to section 126-7.1 of the North Carolina General Statutes. Section 126-7.1 provides in pertinent part as follows:

(c2) If the applicants for reemployment for a position include current State employees, a State employee with more than 10 years of service shall receive priority consideration over a State employee having less than 10 years of service in the same or related position classification. This reemployment priority shall be given by all State departments, agencies, and institutions with regard to positions subject to this Chapter.

N.C. Gen. Stat. § 126-7.1(c2) (2005). Petitioner's case eventually came before the trial court, which agreed that petitioner was entitled to priority consideration pursuant to section 126-7.1(c2) and entered judgment accordingly. NCSU appeals.

NCSU contends the trial court erred in its interpretation of section 126-7.1(c2). NCSU argues that the phrase "in the same or related position classification" applies to both State employees with less than ten years of experience and those with more than ten years of experience. Thus, under NCSU's interpretation of section 126-7.1(c2), only those State employees with more than ten years of experience in the same or related position classification as the position to which they are applying would receive priority consideration over State employees with less than ten years of experience. Because petitioner had less than ten years of experience as a "Telecom Analyst," the position for which she was applying, NCSU contends she was not entitled to priority consideration over the RIF employee with less than ten years of State service.

As the central dispute in this case centers on statutory interpretation, our review is *de novo*. *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 659, 599 S.E.2d 888, 894-95 (2004); *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Serv.*, 175 N.C. App. 309, 311, 623 S.E.2d 315, 317 (2006) ("[i]n determining whether an agency erred in interpreting a statute, this Court employs a *de novo* standard of review").

"The primary rule of statutory construction is to effectuate the intent of the legislature." *In re Estate of Lunsford*, 359 N.C. 382, 392, 610 S.E.2d 366, 373 (2005). " '[W]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.' " *Id.* at 391, 610 S.E.2d at 372 (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)). "But where a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Burgess*, 326 N.C. at 209, 388 S.E.2d at 136-37. It is well established that "a statute must be construed, if possible, to give meaning and effect to all of its provisions." *HCA Crossroads Residential Ctrs. v. N.C. Dept. of Human Res.*, 327 N.C. 573, 578, 398 S.E.2d 466, 470 (1990).

Here, the statute provides that "a State employee with more than 10 years of service shall receive priority consideration over a State employee having less than 10 years of service in the same or related position classification." N.C. Gen. Stat. § 126-7.1(c2). From the wording of the statute, it is unclear whether the phrase "in the same or related position classification" applies to both State employees with more and less than ten years of service, or only to a State employee having less than ten years of service. Because the statute is ambigu-

ous, we must employ judicial construction in order to devise the intent of the legislature in drafting the statute. *Burgess*, 326 N.C. at 209, 388 S.E.2d at 136-37.

The trial court ruled that the phrase "in the same or related position classification" refers to the " 'State employee having less than 10 years of service' " but does not refer to the " 'State employee with more than 10 years of service.' " Under the trial court's reading, a State employee with more than ten years of service, regardless of the particular position, should receive priority consideration over another State employee with less than ten years of service in the same or related position classification. Under such a scheme, a State employee with nine years of general experience, but only one year of specific experience in the same or related position classification, would be entitled to priority consideration over a State employee with nine years of specific experience in the vacant position. However, this interpretation renders the phrase "in the same or related position classification" entirely superfluous. If the legislature had truly intended for State employees with more than ten years of service to receive priority consideration over others with less than ten years of service, it could have eliminated the phrase "in the same or related position classification" altogether while achieving the same effect. The statute would then read "[i]f the applicants for reemployment for a position include current State employees, a State employee with more than 10 years of service shall receive priority consideration over a State employee having less than 10 years of service." Because the trial court's interpretation renders the phrase "in the same or related position classification" redundant and meaningless, we conclude the trial court erred in its reading of the statute. *See HCA Crossroads Residential Ctrs.*, 327 N.C. at 578, 398 S.E.2d at 470 (rejecting an interpretation of a statute that rendered its language superfluous).

Petitioner argues the trial court properly construed the statute employing the doctrine of the last antecedent. Under this doctrine, "relative and qualifying words, phrases, and clauses *ordinarily* are to be applied to the word or phrase immediately preceding and, *unless the context indicates a contrary intent*, are not to be construed as extending to or including others more remote." *Id.* at 578, 398 S.E.2d at 469 (emphasis added). "This doctrine is not an absolute rule, however, but merely one aid to the discovery of legislative intent." *Id.* Strict application of the doctrine of the last antecedent to the statutory language at issue here would render

the phrase "in the same or related position classification" meaningless and therefore does not serve to illuminate legislative intent. We reject petitioner's argument.

In conclusion, we hold the phrase "in the same or related position classification" in section 126-7.1(c2) applies to both State employees with more and less than ten years of service. *See* N.C. Gen. Stat. § 126-7.1(c2). Because petitioner did not have more than ten years of service in the same or related position classification as the position to which she applied, she was not entitled to priority consideration for the vacant position pursuant to section 126-7.1(c2). The trial court erred in determining otherwise. We therefore reverse the judgment of the trial court.

Reversed.

Judges McGEE and STEPHENS concur.