**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1127
_____

MICHAEL BOND,
                              Appellant

v.

JOHNSON & JOHNSON;
ETHICON INC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-21-cv-05327)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 21, 2022

Before:  AMBRO, RESTREPO, and FUENTES, *Circuit Judges*

(Filed: September 30, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Plaintiff-Appellant Michael Bond filed a product liability suit against manufacturers of a hernia mesh device. Bond's claims are subject to one of two possible North Carolina statutes of repose that would bar his claims within a period of either six or twelve years. The District Court found that the six-year statute applies, and that Bond's claims are time-barred. Bond argues on appeal that the twelve-year statute applies, and that his claims are not time-barred. We agree with the District Court, and we will therefore affirm the dismissal of Bond's complaint.

I.

On March 17, 2009, Bond, a North Carolina resident, was implanted with a Prolene 3D hernia mesh device manufactured by Appellees Johnson & Johnson and Ethicon, Inc. Ten years later, on April 26, 2019, Bond underwent surgery to remove and replace the hernia mesh device. On March 16, 2021, he brought a product liability action against Appellees in the U.S. District Court for the District of New Jersey, alleging product liability claims under New Jersey and North Carolina law for personal injuries and damages resulting from the allegedly defective hernia mesh device.[1] Appellees moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Bond's ten claims are: (1) New Jersey strict products liability for defective design; (2) New Jersey strict products liability for failure to warn; (3) New Jersey strict products liability for a manufacturing defect; (4) North Carolina negligence; (5) North Carolina strict liability for defective design; (6) North Carolina strict liability for failure to warn; (7) North Carolina strict liability for a manufacturing defect; (8) North Carolina breach of implied warranty; (9) North Carolina breach of express warranty; and (10) punitive damages.

2

On December 21, 2021, the District Court granted Appellees' motion and dismissed Bond's complaint.[2]  First, the District Court determined that North Carolina substantive law applies.  Based on this, the District Court dismissed Bond's claims for strict liability under New Jersey law.  The District Court then dismissed Bond's remaining claims because the North Carolina six-year statute of repose barred the claims.  Furthermore, the District Court held that the North Carolina twelve-year statute of repose—which Bond asserts would not have barred his claims—did not apply.  Bond timely appealed.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332(a), and we have jurisdiction under 28 U.S.C. § 1291.  We review a District Court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo.[3]  We also review questions of statutory interpretation de novo.[4]

## III.

Bond does not dispute that North Carolina law governs his claims.[5]  The main questions on appeal are (1) which of the two North Carolina statutes of repose applies to

---

[2] The District Court's opinion reviewed Bond's case along with a consolidated case alleging similar claims from a Michigan resident.  Only Bond's case is at issue in this appeal.

[3] *Curry v. Yachera*, 835 F.3d 373, 377 (3d Cir. 2016).

[4] *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 (3d Cir. 2007).

[5] Although this case is about a question of North Carolina state law, we note that we cannot certify the question to the North Carolina Supreme Court.  Normally, pursuant to Third Circuit Local Rule 110.1, we may certify questions of state law to a state supreme court in accordance with the procedures of that court.  3d Cir. L.A.R. 110.1.  However, North Carolina does not provide a mechanism for federal courts to certify questions of state law to its Supreme Court.  *See United States v. Vinson*, 805 F.3d 120, 122 n.1 (4th Cir. 2015); *In re McCormick*, 669 F.3d 177, 182 n.* (4th Cir. 2012).

Bond's product liability action: the six-year statute or the twelve-year statute; and (2) based on the applicable statute, whether Bond's claims are time-barred. We find that the six-year statute applies, and that Bond's claims are time-barred under that statute.

A.

Before October 1, 2009, North Carolina applied a six-year statute of repose for product liability actions (N.C. Gen. Stat. § 1-50(a)(6)), which provided:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.[6]

The North Carolina legislature enacted the statute as part of the Products Liability Act to curtail the increasing number of suits brought against manufacturers.[7] The "obvious intent" of the legislature was "to limit the manufacturers' liability at some definite point in time."[8]

Effective October 1, 2009, the North Carolina legislature repealed the six-year statute of repose and enacted a twelve-year statute of repose (N.C. Gen. Stat. § 1-46.1(1)), which uses identical language to the six-year statute other than the number of years:

> No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption.[9]

---

[6] *See* 1979 N.C. Sess. Laws 1979-654 § 2 (enacting the six-year statute); *Bolick v. Am. Barmag Corp.*, 293 S.E.2d 415, 417 (N.C. 1982) ("This statute is similar to many others enacted throughout the nation to set an outside limit for bringing products liability actions for personal injury.").

[7] *See Tetterton v. Long Mfg. Co.*, 332 S.E.2d 67, 73 (N.C. 1985).

[8] *Id.* at 74.

[9] *See* 2009 N.C. Sess. Laws 2009-420 (enacting the twelve-year statute).

In an uncodified section of the Session Laws, the North Carolina legislature clarified that the twelve-year repose statute "becomes effective October 1, 2009, and applies to causes of action that accrue on or after that date."[10]

Statutes of repose are "an unyielding and absolute barrier"[11] to limit potential liability by "set[ting] a fixed limit after the time of the product's manufacture, sale or delivery beyond which the product seller will not be held liable."[12] A statute of repose "puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant."[13] While an ordinary statute of limitations begins running "when the plaintiff's cause of action accrues, typically when the plaintiff is injured or discovers he or she has been injured,"[14] "the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted."[15] The period under a statute of repose is therefore "initiated by the defendant's last act or omission that at some later point gives rise to the plaintiff's cause of action."[16] Importantly, "[t]he time of the occurrence or discovery of the plaintiff's injury is not a factor in the operation of a statute of repose."[17]

---

[10] *Id.* § 3.

[11] *Black v. Littlejohn*, 325 S.E.2d 469, 475 (N.C. 1985).

[12] *Bolick*, 293 S.E.2d at 417 (citation omitted); *see also Lamb v. Wedgewood S. Corp.*, 302 S.E.2d 868, 872 (N.C. 1983) (recognizing that a statute of repose "constitutes a substantive definition of, rather than a procedural limitation on, rights").

[13] *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014).

[14] *Christie v. Hartley Const., Inc.*, 766 S.E.2d 283, 286 (N.C. 2014).

[15] *Black*, 325 S.E.2d at 474–75 (internal citations omitted).

[16] *Christie*, 766 S.E.2d at 287 (internal quotation marks omitted).

[17] *Id.*

5

B.

Bond argues that the North Carolina twelve-year statute of repose applies to his case and that his claims are timely under that statute. He asserts that the District Court failed to review the word "accrue" in the Session Laws clarifying that the twelve-year repose statute "applies to causes of action that accrue on or after" October 1, 2009. He does not dispute that March 17, 2009 is the triggering date to begin the repose period under North Carolina law since that is the date of his initial purchase of the hernia mesh device. But he argues that his product liability claims began to "accrue" on April 26, 2019 when he underwent surgery to replace the hernia mesh device.

Bond's argument highlights an apparent discrepancy between the codified language of the twelve-year repose statute limiting product liability claims to "12 years after the date of initial purchase for use or consumption," and the uncodified word "accrue" in the Session Laws. "Accrue" means "[t]o come into existence as an enforceable claim or right; to arise."[18] A cause of action generally accrues at "the point in time when the elements necessary for a legal wrong coalesce."[19]

However, the limited period for liability under a statute of repose begins "to run at a time unrelated to the traditional accrual of the cause of action."[20] The North Carolina Supreme Court has consistently held that the period to file a product liability action under the North Carolina statute of repose begins to run on the date of the defendant's last

---

[18] *Accrue*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[19] *See Black*, 325 S.E.2d at 475.
[20] *Bolick*, 293 S.E.2d at 418.

culpable act or omission, not when the plaintiff is injured or discovers an injury.[21]  There

is no indication in either the Session Laws or the language of the twelve-year repose statute

that the North Carolina legislature intended to depart from this precedent.  In fact, the only

change that the legislature made in the codified language between the six-year and twelve-

year repose statutes is the number of years.  Both statutes state that no product liability

action shall be brought more than six or twelve years "after the date of initial purchase for

use or consumption."[22]

The North Carolina Supreme Court has held that "the statement of a legislative

enactment contained in the Session Laws is controlling over the statement codified in the

General Statutes."[23]  This would seem to support Bond's argument.  However, when

interpreting a North Carolina statute, "[the] statute must be construed, if possible, to give

meaning and effect to all of its provisions."[24]  "It is well settled that '[w]here the language

of a statute is clear and unambiguous, there is no room for judicial construction and the

courts must construe the statute using its plain meaning.'"[25]  Nevertheless, "where a literal

---

[21] *See Christie*, 766 S.E.2d at 287; *Black*, 325 S.E.2d at 474–75; *Bolick*, 293 S.E.2d at 417.
[22] *See* N.C. Gen. Stat. §§ 1-46.1(1), 1-50(a)(6).
[23] *Custom Molders, Inc. v. Am. Yard Prod., Inc.*, 463 S.E.2d 199, 202 (N.C. 1995); *see also Schofield v. Great Atl. & Pac. Tea Co.*, 264 S.E.2d 56, 62 (N.C. 1980) ("[T]he certified transcript of a Session Law controls over the statement of its contents as codified."); *Wright v. Fid. & Cas. Co. of New York*, 155 S.E.2d 100, 107 (N.C. 1967) ("What is stated in [the Session Laws] is controlling over the statement of it as codified in the General Statutes.").
[24] *HCA Crossroads Residential Centers, Inc. v. N. Carolina Dep't of Hum. Res., Div. of Facility Servs., Certificate of Need Section*, 398 S.E.2d 466, 470 (N.C. 1990).
[25] *In re Est. of Lunsford*, 610 S.E.2d 366, 372 (N.C. 2005) (quoting *Burgess v. Your House of Raleigh, Inc.*, 388 S.E.2d 134, 136 (N.C. 1990)); *see also State v. Beck*, 614 S.E.2d 274, 277 (N.C. 2005) ("If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning.").

interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded."[26]

If we were to assume that the uncodified word "accrue" in the Session Laws sets the time period to bring a product liability claim over the explicit codified language limiting such claims to within "12 years after the date of initial purchase for use or consumption," the result would be absurd. Under Bond's argument, the period to bring a product liability claim under the twelve-year statute would begin to run both on the date of the initial purchase and on the date when the plaintiff experiences an injury. Having dual and conflicting periods for liability arising from the same statute of repose is clearly absurd.

Bond also argues that the District Court erred by failing to carry out the intent of the North Carolina legislature in passing the twelve-year statute of repose, which he alleges was to allow plaintiffs more flexibility in bringing product liability actions. Bond misstates the legislative intent, and adopting his argument would actually contravene the intent of the North Carolina legislature. Statutes of repose represent "the economic balance struck by the legislative body" between "the respective rights of potential plaintiffs and defendants" based on "considerations of the economic best interests of the public as a whole."[27] In *Tetterton v. Long Manufacturing Co.*, the North Carolina Supreme Court explained that the "obvious intent" of the North Carolina legislature was "to limit the

---

[26] *State v. McLymore*, 868 S.E.2d 67, 75 (N.C. 2022) (quoting *State v. Holloman*, 799 S.E.2d 824 (N.C. 2017)).
[27] *See First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989).

manufacturers' liability at some definite point in time" "from the date of initial purchase for use or consumption."[28]  When the language of a statute may conflict with the legislature's intent in passing the statute, the North Carolina Supreme Court is "guided by the primary rule of construction that the intent of the Legislature controls."[29]  Bond's argument would "extend indefinitely" manufacturers' potential liability and thereby violate the legislative intent.[30]

Accordingly, we find that, under North Carolina law, the limited period to bring a product liability action under either the six-year or twelve-year statute of repose begins to run on the "date of initial purchase for use or consumption" (i.e., the triggering date), regardless of when the plaintiff may experience an injury or learn of an injury.[31]

---

[28] *Tetterton*, 332 S.E.2d at 74; *see also Christie*, 766 S.E.2d at 287 ("[S]tatutes of repose are intended to mitigate the risk of inherently uncertain and potentially limitless legal exposure."); *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 69 (N.C. 1985) ("In determining the intent of the legislature, the cardinal rule of construction is to consider the statute's purpose, the state of the law to which the statute was addressed, and the changes in that law the statute was designed to effect.").

[29] *In re Hardy*, 240 S.E.2d 367, 371 (N.C. 1978); *see also Bell Arthur Water Corp. v. N. Carolina Dep't of Transp.*, 399 S.E.2d 353, 355 (N.C. Ct. App. 1991) ("Although the session laws may indicate the legislature's intent in passing a statute, if a strict literal interpretation of the language of a statute conflicts with the purpose of the legislature, the purpose of the statute should control.").

[30] *See Tetterton*, 332 S.E.2d at 74.

[31] We note that Bond would be late even if accrual could trigger the longer repose period retroactively.  The initial six-year repose statute in effect when Defendants' medical device was implanted in Bond would apply unless and until his claims accrued as a result of "an injury or the discovery of [an] injury." *Tipton & Young Constr. Co. v. Blue Ridge Structure Co.*, 446 S.E.2d 603, 604 (N.C. Ct. App. 1884).  Under North Carolina law, "a statute of repose can extinguish a cause of action before it accrues." *KB Aircraft Acquisition, LLC v. Berry*, 790 S.E.2d 559, 567 (N.C. Ct. App. 2016).  Thus, when Bond's six-year repose period lapsed before he suffered or discovered an injury, his claims expired.  At this point, he "literally ha[d] *no* cause of action." *Lackey v. DePuy Orthopaedics, Inc.*, 2011 WL 2791264, at *2 (W.D.N.C. July 14, 2011) (citing *Jack H. Winslow Farms, Inc. v. Dedmon*,

C.

Whether a statute of repose has expired is a question of law.[32]  The triggering date here is March 17, 2009, the date when Bond purchased and was implanted with the hernia mesh device.  That date was more than six months before the twelve-year statute of repose went into effect on October 1, 2009.  Since the twelve-year statute was not in effect until after the triggering date, the six-year statute governs Bond's product liability claims.[33]  Bond did not file his claims until March 16, 2021, well beyond the six-year period from the triggering date.  Bond's product liability claims are therefore time-barred under the North Carolina six-year statute of repose.

IV.

For the foregoing reasons, we will affirm the District Court's order dismissing Bond's complaint.[34]

---

615 S.E.2d 41, 44 (N.C. Ct. App. 2005).  Bond was thereby deprived of the precondition needed to trigger the amended repose statute, and Defendants immediately obtained a "vested right not to be sued" that could not be "impaired by the retroactive effect off a later statute."  *Colony Hill Condo. I Ass'n v. Colony Co.*, 320 S.E.2d 273, 276 (N. C. Ct. App. 1984).

[32] *Mitchell v. Mitchell's Formal Wear, Inc.*, 606 S.E.2d 704, 706 (N.C. Ct. App. 2005); *Bryant v. Don Galloway Homes, Inc.*, 556 S.E.2d 597, 600 (N.C. Ct. App. 2001).

[33] *See Robinson v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 703 S.E.2d 883, 887 (N.C. Ct. App. 2011) (explaining that the General Assembly made the "decision not to make the revised statute of repose retroactive").

[34] We make no determination on the claims of the Michigan resident whose case the District Court adjudicated in the same order.